IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | § CRIMINAL NO. A-08-CR-039(6) LY |
| | § |
| PETE DIAZ GARZA | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended. The Court conducted a hearing on December 16, 2010, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On February 13, 2009, Judge Lee Yeakel sentenced the Defendant to 30 months of imprisonment, followed by three years of supervised release, fore aiding and abetting the possession of heroin with the intent to distribute, in violation of 2 U.S.C. § 841. The Defendant was released from the Bureau of Prisons on October 29, 2010, and began supervision at that time.

Because the Defendant had no residence upon his release, his conditions of supervision were modified to require placement at the halfway house. The Defendant was discharged from that facility on November 12, 2010, because of accountability issues. The Defendant met with his probation officer and admitted to having made a mistake, and stated that we wished to be readmitted

to the McCabe Center if possible. Thus, on November 19, 2010, the Defendant moved back into the McCabe Center. On November 30, 2010, the Defendant was again discharged, again for accountability issues. Based on these facts, on December 6, 2010, Judge Yeakel authorized the issuance of a warrant. The Defendant was arrested on that warrant on December 10, 2010.

On December 16, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the complaint.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by being discharged from the McCabe Center.

## III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant. While the Court is concerned by the Defendant's inability to abide by the rules of the McCabe Center, the reason he was required to reside there was his lack of a residence. At the hearing, the Defendant's girlfriend spoke to the Court and stated that the Defendant could reside with her. Further the Defendant has not relapsed during his time on release, despite the length of his heroin addiction. Because there is no evidence that the Defendant engaged in any criminal conduct, nor is there any evidence that he has used controlled substances, the Court believes that the Defendant's supervision should be CONTINUED, with a modification to the

Defendant's conditions to remove the condition requiting residence at the halfway house.  Finally, the Court warned the Defendant that because he was being given a second chance, if he again violated his conditions, the Court would have no choice but to enforce its orders with more serious sanctions.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day December, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE